IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| JULIA WHITEFIELD § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | CAUSE NO. 3:21-cv-00039 |
| § | |
| TENET HEALTHCARE CORPORATION § | |
| AND BLUFF CREEK EMERGENCY § | |
| MEDICINE ASSOCIATES, PA § | |
| § | |
| Defendants, § | JURY DEMANDED |

**PLAINTIFF JULIA WHITEFIELD'S ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES**, JULIA WHITEFIELD, hereinafter referred to as Plaintiff, complaining of and about TENET HEALTHCARE CORPORATION and BLUFF CREEK EMERGENCY MEDICINE ASSOCIATES, PA, hereinafter referred to as Defendants, and for cause of action will show the Court as follows:

**I.
PARTIES AND SERVICE**

1. Plaintiff, JULIA WHITEFIELD, is a citizen of the United States and the State of Texas and resides in El Paso, El Paso County, Texas.

2. Defendant, TENET HEALTHCARE CORPORATION, within the State of Texas and operating business in El Paso, El Paso County, Texas.

3. Defendant, TENET HEALTHCARE CORPORATION, may be served with service of process by serving its registered agent C T Corporation System, 1999 Bryan St., Ste. 900,

Dallas, TX 75201.

4. Defendant, BLUFF CREEK EMERGENCY MEDICINE ASSOCIATES, PA, within the State of Texas and operating business in El Paso, El Paso County, Texas.

5. Defendant, BLUFF CREEK EMERGENCY MEDICINE ASSOCIATES, PA, may be served with process by serving its registered agent C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201.

## II.
## JURISDICTION AND VENUE

6. The Court has subject-matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 as Plaintiff is suing Defendants under Title VII of the Civil Rights Act of 1964, for violating the federally guaranteed rights.

7. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the United States District Court of the Western District of Texas, El Paso Division, as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## III.
## NATURE OF ACTION

8. This is an action brought pursuant to Title VII of the Civil Rights Act of 1964, to correct and recover for Defendants' unlawful employment practices on the basis of Plaintiff's national origin (German) and retaliation for opposing such unwelcomed conduct.

## IV.
## CONDITIONS PRECEDENT

9. All conditions precedent to jurisdiction have occurred with regard to exhaustion of administrative remedies.

## V.
## FACTS

10. Dr. Julia Whitefield (German), began her employment with Tenet Healthcare Corporation ("Tenet"), Bluff Creek Emergency Medicine Associates, PA ("Bluff Creek"), and Schumacher Clinical Partners ("SCP") at Providence Memorial Hospital ("Providence") in April 24, 2018 as a Pediatric Emergency Medicine Attending Pediatric Physician. Plaintiff has been a dedicated physician for over thirty-five (35) years.

11. In early 2018, Plaintiff encountered many issues involving Providence's Nursing director, Sandra Belknap. Ms. Belknap was often rude and inappropriate during interactions with Plaintiff and other staff. More importantly, Ms. Belknap refused to adhere to HIPAA rules and made it practice intermingling pediatric patients with adult patients. These actions by Ms. Belknap were detrimental to patient safety. Plaintiff reported Ms. Belknap's behavior to Plaintiff's direct supervisor, Dr. Lanski, in January 2018 and expressed her concerns for the safety of herself, staff, and patients.

12. In July 2019, a patient who was the son of a Providence Registered Nurse, Paulina Diaz ("Ms. Diaz), arrived at the hospital with an IV already placed in her son's arm. Plaintiff was shocked by this practice since the patient had been brought to the hospital with symptoms of the stomach flu. Apparently, Ms. Diaz had placed the IV in her son's arm at home prior to bringing him to the hospital. This was obviously dangerous and in violation of nurse protocol. Plaintiff documented this information on the patient's chart and informed Ms. Belknap of the incident. Nothing was done to investigate Ms. Diaz's behavior and Ms. Diaz was not reprimanded for breaching patient safety protocol.

13. Every time Plaintiff made a complaint about the unethical practices running amok at

Providence, the retaliation against Plaintiff became worse. Furthermore, Providence's discriminatory and retaliatory behavior made it more difficult for Plaintiff to perform the duties of the position Plaintiff was hired into by Providence.

14. Towards the end of 2019, Providence's nursing leadership, led by then Providence's interim and now Chief Nursing Officer, Mark Phillips, ("Mr. Phillips") and Ms. Belknap, began to implement impractical, disreputable, and unscrupulous performance metrics for the physicians and staff at Providence to follow in breach of professional healthcare standards of care. Specifically, Mr. Phillips and Ms. Belknap began to implement policies that focused on rapid care and increasing the number of patients being seen at the same time. This was disturbing to Plaintiff because it was not the duty of a nurse to tell a physician how to treat patients. Dr. Lanski was Plaintiff's supervisor. In Plaintiff's thirty years of practice, Plaintiff had never been in a circumstance where a nurse could dictate the terms and conditions of how physicians treated patients. Especially when those terms and conditions were used to create a discriminatory work environment.

15. Providence's discriminatory intentions became even more apparent in September 2019, when Ms. Belknap made an off-hand remark about Plaintiff's German nationality. This remark came after Plaintiff had been dealing with a patient's difficult parent. The situation with the patient's unruly mother required an excessive amount of time from Plaintiff which caused a slight delay in the patient's room. Regardless, all the patients were eventually seen. However, another patient's parent removed her child from the hospital against Plaintiff's advice after waiting only twenty minutes to be seen by Plaintiff. The patient's refusal to wait was not a novel occurrence for the hospital. However, in an immature and unprofessional fashion, Ms. Diaz took it upon herself to note this issue about the patient

and Plaintiff on the hospital's electronic notice board and prompted Ms. Belknap to file a complaint about the situation to Dr. Lanski.  This led Plaintiff to speak with Mr. Phillips which brought no recourse to Plaintiff's mistreatment at work.  The actions by Ms. Diaz were clearly in response to Plaintiff's previous complaint about her son's at-home IV treatment. The patient's impatient mother made an unfavorable comment about Plaintiff to which Ms. Belknap told Plaintiff, "I understand it's because you are German." insinuating that Plaintiff was incapable of providing quality service to Providence Memorial's patients because Plaintiff was German.  The comment by Ms. Belknap was not only offensive but showed a complete lack of respect and lack of professionalism towards Plaintiff.  Plaintiff made another complaint about Ms. Belknap's actions.  However, this was only the beginning for this type of discriminatory behavior against Plaintiff by Ms. Belknap.  After this conversation with Ms. Belknap and throughout the remainder of her employment, Plaintiff was subjected repeatedly to harassment and humiliation based on Plaintiff's national origin.

16. From September 2019 to the date of Plaintiff's termination, Ms. Belknap treated Plaintiff categorically different from other staff at Providence.  Soon after Plaintiff raised her complaints, Ms. Belknap began to enter rooms where Plaintiff was treating patients in order to question the patient's parents about the care provided by Plaintiff.  This assessment by Ms. Belknap was never conducted on any other physician at Providence. This rogue evaluation by Ms. Belknap was administered solely to the patient's being treated by Plaintiff.  These evaluations were demeaning and embarrassing and used by Ms. Belknap as an opportunity to harass Plaintiff.

17. On several occasions, Plaintiff was belittled and intimidated for filing complaints against

other physicians. Specifically, Plaintiff was reprimanded after correcting the mis-dosage of medication a patient had been receiving in the acute care setting (Plaintiff's expertise) from another doctor who had referred the patient to Providence. Not long after, Plaintiff was accosted for exposing medical malpractice being committed by another physician at Providence who remained professionally unharmed while discrimination and harassment against Plaintiff continued.

18. In January 2020, Plaintiff's contract was terminated. Plaintiff served as the sole German national on the staff at Providence's Emergency Department. Plaintiff's untimely termination has caused Plaintiff to suffer great distress and hardship because Plaintiff invested time working for Providence Memorial only to be terminated without cause and not offered the benefits that were owed to Plaintiff.

## VI.
## NATIONAL ORIGIN DISCRIMINATION
## UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

19. Plaintiff incorporates by reference the allegations contained in above paragraphs, as is fully rewritten herein.

20. Defendants intentionally engaged in unlawful employment practices against Plaintiff on the basis of her national origin in violation of 42 U.S.C. Sec. 2000e *et seq.*

21. Defendants discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive her of an employment opportunity or adversely affect her status because of Plaintiff's national origin in violation of 42 U.S.C. Sec. 2000e *et seq.*

22. Defendants discriminated against Plaintiff in the form of differential treatment with regard to the process and procedures of hire.

## VII.
## RETALIATION
## UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

23. Plaintiff incorporates by reference the allegations contained in above paragraphs, as if fully rewritten herein.

24. Defendants have retaliated against Plaintiff by taking an adverse employment action against her on the basis of national origin in violation of 42 U.S.C. § 2000e-3(a).

## VIII.
## FIRST AMENDMENT RETALIATION (42 U.S.C. §1983)

25. Plaintiff reasserts and incorporates by reference all of the above numbered paragraphs.

26. Plaintiff asserts she has suffered retaliation due to speech protected by the First Amendment. Specifically, Plaintiff contends (1) that Plaintiff engaged in speech involving a matter of public concern, (2) that Plaintiff suffered an adverse employment action for exercising her First Amendment rights, and (3) that the employee's exercise of free speech was a substantial or motivating factor in the adverse employment action.

## IX.
## DAMAGES

27. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendants described hereinabove:

   a) Compensatory damages (including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-economic damages) allowed under 42 U.S.C. § 2000e *et seq.* & 42 U.S.C. § 1983.

   b) Economic damages in the form of lost back pay and lost fringe benefits in the past.

Economic damages, in the form of lost wages and fringe benefits that will, in reasonable probability, be sustained in the future.

c) All reasonable and necessary costs in pursuit of this suit, including attorney's fees pursuant to 42 U.S.C. § 2000e *et seq.* & 42 U.S.C. § 1983.

d) Punitive damages for the intentional racial discrimination and reckless indifference to the state and federal protected rights of Julia Whitefield.

## X.
## JURY DEMAND

28. Plaintiff demands a jury trial and tenders the appropriate fee with this Complaint.

## XI.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, JULIA WHITEFIELD, respectfully prays that Defendants, TENET HEALTHCARE CORPORATION and BLUFF CREEK EMERGENCY MEDICINE ASSOCIATES, PA, be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court, together with interest as allowed by law, costs of court, and such other and further relief to which the Plaintiff may be justly entitled at law or in equity.

Respectfully submitted,



_____
Alfonso Kennard, Jr.

S.D. ID 713316
Texas Bar No. 24036888
Andrew R. Young
S.D. ID 3370322
Texas Bar No. 24110567
5120 Woodway Drive, Suite 10010
Houston, Texas 77057
Telephone: 713.742.0900
Facsimile: 713.742.0951
Email: alfonso.kennard@kennardlaw.com

**ATTORNEY-IN-CHARGE FOR JULIA WHITEFIELD**